**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANK DELGADO,

             Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

             Defendant - Appellee.

No. 11-16301

D.C. No. 1:09-cv-01819-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted December 7, 2012[**]
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

    Frank Delgado appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  Delgado alleged disability from

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

post-traumatic stress disorder. At Step 2, the ALJ determined that Delgado's medically determinable impairments were not severe. Delgado challenges this finding and the ALJ's treatment of evidence. We conclude that substantial evidence does not support the ALJ's determination that Delgado's impairments were not severe and his case could be resolved at Step 2, and instead conclude that the evidence established that Delgado has a severe mental impairment. We reverse and remand the case for the requisite Step-3 analysis.

"[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals [sic] ability to work." *Id*. at 1290.

In his findings of fact, the ALJ discussed the opinion of Dr Manzano, Delgado's treating physician, that Delgado's "ability to make occupational, performance, and personal/social adjustments are fair to poor." Also, Dr. Manzano noted that Delgado "can maintain concentration and attention for at least two hour increments except during times of stress." Based on this evidence accepted by the ALJ in his findings of fact, we conclude that Delgado has met his burden of showing severe impairment under Step 2's de minimis standard. *See Smolen*, 80

2

F.3d at 1290. After finding the impairment "severe," the ALJ should have moved to the next step in the five-step process. *See Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001) (citing SSR 96-3p, 1996 WL 374181 (July 2, 1996)).

We reverse and remand and instruct the ALJ to continue to Step 3. Because the ALJ will have the opportunity to further develop the record on remand, we do not address Delgado's other evidentiary arguments. We also express no view on whether Delgado will be able to meet his burden at Steps 3, 4, and 5. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

**REVERSED and REMANDED**.